## CYDALISE THOMPSON · v. AURORE TOURIAC et als.

The vendor of a slave is not entitled to rescission of the sale, on the ground that the vendee had not fulfilled the condition of emancipating the slave as soon as it could be done, if during the time that it was possible the emancipation could have been legally effected the vendee was not put in default, and by subsequent legislation the emancipation within the State became impossible.

The vendee could not change the nature and origin of his possession, so as to acquire a title by prescription, and if it became afterwards legally possible to effect the emancipation the contract would be binding, and, therefore, the judgment of the court below should have been one of nonsuit.

APPEAL from the District Court of the Parish of St. Landry, *Martel*, J. *Swayze & Moore*, for plaintiff and appellant. *Dupré & Garland*, for defendants.

SPOFFORD, J. The day after *Julienne* brought the suit for her freedom, which has just been decided, *Mrs. Thompson* instituted the present action against the defendants, heirs of *Hyacinthe Boisdoré*, widow of *Don Louis Touriac*, to dissolve the sale made by the former to the latter' of the slave *Julienne*, on the 3d July, 1837. The dissolution of the sale is demanded on the ground, that the vendee has failed to comply with its principal condition, which was to emancipate said slave *so soon as it should be practicable*.

The sale was made for $600. But the condition aforesaid was annexed to it. The performance of the condition was not limited to any specific time. It was predicated also upon uncertain events, over which the parties had no control. Both knew that the State had an interest and a controlling voice in the question of manumission. Both knew that·restrictions were imposed upon the master's power to change the *status* of his slave; they also knew, or may be presumed to have known, that such restrictions fluctuate with the will of successive legisla-

tures ; and that no one General Assembly could tie up the hands of its successors in respect to this subject, or abridge that sovereign power which dwells forever in the body politic, and of which each successive legislature is but a transient depository and exponent.

In view of all these uncertainties they contracted ; the vendee only undertook to enfranchise *Julienne* when it should be legally possible ; if it is not legally possible now, (and we have just held that it is not,) then the defendants are not now violating the condition upon which they acquired *Julienne ;* and if there is no breach of the condition, the resolutory action does not lie in favor of the vendor.

What is impossible this year may be possible the next ; the power that makes may repeal or modify the law.

But it is urged that there *was* an interval of eight months between the time when *Julienne* attained the age of thirty years and the passage of the Act of March 6th, 1857, during which it was possible for the defendants to have emancipated her, and that, not having done so, the condition is broken.

But they were not put in default. The plaintiff neither demanded a specific performance nor a dissolution, when, as she now alleges, a specific performance was possible.

Nor is it proved that a specific performance was possible in those eight months. On the contrary, the probability is the other way. The Act of March 15th, 1855, " Relative to slaves and free colored persons," had then been passed. This Act provided an entirely novel mode of emancipating slaves. There were doubts both as to its true construction and its constitutionality, which were to be solved by cases then pending before the courts. It was not until December, 1856, that the whole Act was declared unconstitutional by a majority of this court. *State* v. *Harrison,* a slave, 10 An. 722. If, therefore, the defendants had instituted proceedings under that Act, they would have been fruitless. But that Act having been declared void, the Act of March 18th, 152, p. 214, must be considered as having been in force. This Act provided, that, thereafter, no slaves should be emancipated in this State, except upon express condition that when emancipated, they shall be sent out of the United States within twelve months after being emancipated ; and that all slaves whose claims for emancipation had not then been perfected by the proper authorities, should only receive the same upon the foregoing condition, and upon failing to comply with the same, should be hired out by the owner or owners, or by an agent to be appointed by the Judge of the District, until the sum of one hundred and fifty dollars was made, when the act of emancipation might be perfected *and the slave sent to Liberia ;* provided, that in case any slave or slaves, after having been so emancipated, should not be sent to Liberia within one year, or should return after being sent, said slave or slaves should forfeit their freedom.

Now, it does not appear that the slave *Julienne* was willing, or that her former mistress, *Cydalise Thompson,* desired that she and her children should be banished to Liberia ; and only upon that condition, has it ever been possible, even for a day, for the defendants to enfranchise them. From the inaction of the plaintiff and of *Julienne* herself, during the time when she might have been emancipated upon such a condition, we infer that it was not desired ; and we think the fair construction of the contract is that the parties to the sale of July 3d, 1837, only contemplated an emancipation in the State with leave to remain here, because *Julienne* might at that day have been set free by sending her to Liberia, and

plaintiff does not contend that the vendee violated the contract before *Julienne* became thirty years of age, (C. C. 185,) that is, until the 3d July, 1856.

The condition under which the defendants' ancestor acquired and held *Julienne* is : " qu'elle donnera la liberté à la dite négritte sitôt que faire se pourra, et qu'elle fera tout ce qui sera en son pouvoir pour faire passer à la dite *Julienne* un acte de liberté en bonne et due forme en remplissant toutes les formalitiés préscrites par la loi à ce sujet."

As we do not find that the defendants or their author have been in default with regard to this their undertaking, and as we cannot say that it never will be possible at a future day for them to give *Julienne* her liberty, the plaintiff has no ground at present for demanding a resolution of the sale.

The defendants cannot prescribe against their own title, or change the nature and origin of their possession. C. C. 3480, 3481. As intimated in the case of *Julienne* v. *Touriac*, if it should become legally possible hereafter for the defendants to emancipate her, they would be bound under their contract to do so, and the present judgment should be no bar.

We, therefore, think the judgment of the District Court should be changed from a final judgment in favor of defendants to one of nonsuit.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed ; and it is now ordered and decreed, that there be judgment in favor of defendant and against the plaintiff, as in a case of nonsuit, the plaintiff paying costs in the court below and the defendant those of this appeal.